**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Emiliano TORRES–AVILA, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Emiliano Torres–Avila, Defendant—Appellant.**

**Nos. 07–30264, 07–30265.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

Pamela Jackson Byerly, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Defendant–Appellant.

Before: GOODWIN, TROTT and RYMER, Circuit Judges.

MEMORANDUM **

In case No. 07–30265, Emiliano Torres–Avila appeals from the district court's denial of his motion to dismiss the indict-ment, and the 77–month sentence imposed following his guilty-plea conviction, for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. In case No. 07–30264, Torres–Avila appeals from the revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm case No. 07–30265 and dismiss case No. 07–30264.

Torres–Avila contends the underlying deportation proceedings violated his right to due process because the Immigration Judge failed to notify him that he would continue to accrue residency during the pendency of his appeal and might become eligible for a waiver under former Immigration and Nationality Act § 212(c) should the appeal process last until he had accrued seven years of residency. We conclude that the Immigration Judge did not violate Torres–Avila's right to due process. Because there was no due process violation in the underlying deportation proceedings, Torres–Avila was not excused from his failure to exhaust administrative remedies. *See United States v. Pallares–Galan,* 359 F.3d 1088, 1094 (9th Cir.2004). His collateral attack on the prior deportation order was therefore barred under 8 U.S.C. § 1326(d)(1).

Torres–Avila further contends that the 77–month sentence imposed is unreasonable because the district court "applied the guidelines in mandatory fashion" and failed to consider the appropriate sentencing factors. We conclude that the district court properly considered the appropriate sentencing factors and that the sentence is substantively reasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). Ac-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cordingly, the appeal in case No. 07–30265 is **AFFIRMED.**

Torres–Avila has failed to raise any arguments pertaining to the revocation of supervised release. Therefore, the appeal in case No. 07–30264 is **DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.